# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281692

1  Jessica Clark (Bar #35241)
   Jacqueline Kochis-Chapman (Bar #024199)
2  CHAPMAN & CLARK,
   ATTORNEYS AT LAW, PLLC
3  PO Box 6021
   Chandler, AZ 85246
4  P: 480.382.4647
   F: 602.755.7044
5
   Jessica@chapmanclarklaw.com
6  Jacque@chapmanclarklaw.com
7  Attorneys for Plaintiff

8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9            IN AND FOR THE COUNTY OF MARICOPA

10  **PHYLLIS MCFARLIN**, individually and on            No.    **CV2022-095496**
    behalf of the Estate of RICHARD
11  MCFARLIN;
                                                         **COMPLAINT**
12                          Plaintiff,
13  v.
                                                         (Negligence; Breach of Express and
14  **A.H. VOSS COMPANY**, individually and as           Implied Warranties; Strict Liability;
    successor in interest to VOSS                         Premises Owner/Contractor
15  INTERNATIONAL CORPORATION; **VOSS**                  Liability; Loss of Consortium;
    **INTERNATIONAL CORPORATION**, a                     Wrongful Death)
16  foreign corporation; **KUBOTA**
    **CORPORATION,** individually and as
17  successor in interest to KUBOTA IRON AND             (Demand for Jury Trial)
    MACHINERY WORKS and KUBOTA
18  AMERICA; **KUBOTA IRON AND**                         (Tier 3)
    **MACHINERY WORKS**, a foreign
19  corporation; **KUBOTA AMERICA**, a foreign
    corporation; and DOES 1 through 400,
20  inclusive,
21
                            Defendants.
22

23          **COMES NOW,** Plaintiff PHYLLIS MCFARLIN, individually and on behalf of

24  the Estate of RICHARD MCFARLIN, ("Plaintiff") for causes of action against

25

26                                        1

defendants and DOES 1 through 400, and each of them, inclusive, files this Complaint and alleges as follows:

**THE PARTIES**

1.      Plaintiff PHYLLIS MCFARLIN is widowed, formerly married to RICHARD MCFARLIN, and resides in Washoe County, Reno, Nevada.

2.      Plaintiff PHYLLIS MCFARLIN brings this action on behalf of herself and the Estate of RICHARD MCFARLIN ("Decedent") who died on January 30, 2021, pursuant to A.R.S. §12-612.

3.      Defendant VOSS INTERNATIONAL CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

4.      Defendant A.H. VOSS COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

5.      Defendant A.H. VOSS COMPANY is successor in interest to Defendant VOSS INTERNATIONAL CORPORATION.

6.      Defendant KUBOTA IRON AND MACHINERY WORKS was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

7.      Defendant KUBOTA AMERICA was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

8.      Defendant KUBOTA CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona

2

and/or should have expected its acts to have consequences within the State of Arizona.

9.      Defendant KUBOTA CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

10.     Defendant KUBOTA CORPORATION is successor in interest to Defendant KUBOTA IRON AND MACHINERY WORKS and Defendant KUBOTA AMERICA.

11.     The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes, and thereon allege, that each defendant designated herein as a DOE caused injuries, ultimate death, and damages proximately thereby to plaintiff as hereinafter alleged; and that each DOE defendant is liable to the plaintiff for the acts and omissions alleged herein below, and the resulting injuries and death to plaintiff, and damages sustained by the Decedent. Plaintiff will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this matter pursuant to A.R.S. §12-123.

13.     All of the events alleged herein took place within Maricopa County, Arizona, such that venue is proper pursuant to A.R.S. §12-401.

14.     Based on the damages sought in this action, it should be assigned to Tier 3 pursuant to Ariz. R. Civ. P. 26.2.

## GENERAL ALLEGATIONS

15.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the

3

agent, servant, employee and/or joint venturer of the other co-defendants and other DOE

defendants, and each of them, and at all said times, each defendant and each DOE

defendant was acting in the full course, scope and authority of said agency, service,

employment and/or joint venture.

16.    Plaintiff is informed and believes, and thereon allege, that all times

mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive,

were also known as, formerly known as and/or were the successors and/or predecessors

in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary

(wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-

venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of

and/or were members in an entity or entities engaged in the funding, researching,

studying, manufacturing, fabricating, designing, developing, labeling, assembling,

distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing,

repairing, installing, demolishing, contracting for installation, contracting others to

install, repairing, marketing, warranting, rebranding, manufacturing for others,

packaging and advertising a certain substance, the generic name of which is asbestos,

and/or other products, components and assemblies containing said substance (hereafter

"alternate entities"). Defendants and DOES 1 through 400, and each of them, inclusive,

are liable for the acts, omissions and tortious conduct of its successors and/or

predecessors in interest/business/product line/or a portion thereof, assigns, parent,

subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

4

trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoys the goodwill originally attached to each such alternate entity, acquired the assets or product line (or portion thereof), and that there has been a virtual destruction of plaintiff's remedy against each such alternate entity, and in that each such defendant has the ability to assume the risk spreading role of each such alternate entity.

17.     Defendants placed their names, logos, and trademarks on asbestos products as well as put out as their own asbestos products manufactured by others so as to be an apparent manufacturer and liable as the manufacturer.

18.     Although the Decedent may have been employed by defendant at the time of his exposure to the defendant's asbestos-containing products (and to other asbestos-containing products), or to asbestos by virtue of defendant's failure to protect from asbestos, each defendant lacked workers' compensation insurance coverage during the years that the Decedent was exposed, having failed to secure the payment of workers' compensation through mandated insurance or self-insurance coverage. In addition, the Decedent's exposure to the defendant's asbestos-containing products (and to other asbestos-containing products), or to asbestos by virtue of defendant's failure to protect from asbestos, did not arise out of the Decedent's employment, as the defendant lacked the right to control the manner or means of the Decedent's work duties. Finally, the Decedent was exposed to asbestos-containing products that the defendant manufactured

for sale to the general public, and which the Decedent only incidentally used during the course of his work duties.

19.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are corporations organized and existing under the laws of the State of Arizona or the laws of some state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are authorized to do and are doing business in the State of Arizona and regularly conducted business in the County of Maricopa; and that certain defendants and DOES designate or have maintained principle places of business in the County of Maricopa.

20.     Decedent was exposed to asbestos as a milling machine operator from approximately the 1970s, who at various locations, including within the State of Arizona, used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of, and/or products that created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and/or by virtue of the creation of asbestos dust and failure to protect from asbestos dust, and/or on or about the premises of and by, defendants and DOES 1 through 400, and each of them, inclusive; including: A.H. VOSS COMPANY, individually and as successor in interest to VOSS INTERNATIONAL CORPORATION (for asbestos cement pipe) and KUBOTA CORPORATION. Plaintiff further alleges; Defendants, and DOES 1 through 400, and

6

each of them inclusive, designed, manufactured, sold, supplied, distributed and
otherwise marketed asbestos containing products, equipment and systems with original
and replacement asbestos-containing products, components, and integral parts; that
defendants and DOES 1 through 400 inclusive specified and required the use of such
original and replacement asbestos containing parts and components that were integral to
their respective asbestos containing products' normal use and operation and that by
design such normal use and operation directly created, generated, released and exposed
Decedent to asbestos-containing dust, debris, fiber and particulate from such integral,
specified, necessary and required asbestos products and components; that as a direct and
proximate result of all of the above, Decedent was exposed by Defendants and DOES 1
through 400, inclusive to asbestos-containing dust, debris, fiber and particulate which
increased his risk of developing the mesothelioma and asbestos disease(s) from which
he now suffers

      21.    Plaintiff is informed and believes, and thereon allege, that asbestos related
diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural
plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers
without perceptible trauma and that said diseases result from exposure to asbestos and
asbestos products over a period of time.

      22.    As set forth herein this complaint, and as a result of Decedent's asbestos
exposure to the products of and/or on the premises of defendants and DOES 1 through
400, and each of them, inclusive, Decedent was diagnosed with mesothelioma on or

about January 10, 2020, which is life threatening, debilitating and likely terminal, and

Decedent endured great physical pain and suffering, mental anguish, loss of enjoyment

of life and the loss of earnings, earning capacity and attendant medical expenses; all to

the plaintiff's general and special damage in excess of the jurisdictional limits of the

unlimited Court.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants and DOES 1 through 400)**

23.    Plaintiff re-alleges and incorporates each of the allegations above as if

fully set forth herein.

24.    Decedent was a worker and end user who used, handled or was otherwise

exposed to asbestos, asbestos containing products and/or products designed to be used

in association with asbestos products of, and/or products that created an asbestos hazard,

and/or safety equipment intended to block the entry of asbestos fibers, and/or by virtue

of the creation of asbestos dust and failure to protect from asbestos dust, and/or on or

about the premises of and by, including, but not limited to: A.H. VOSS COMPANY,

individually and as successor in interest to VOSS INTERNATIONAL

CORPORATION (for asbestos cement pipe) and KUBOTA CORPORATION, and

DOES 1 through 400, and each of them inclusive (hereafter "Product Defendants"), in a

manner that was reasonably foreseeable to said defendants.

25.    At all times herein mentioned, the Product Defendants, and each of them,

were engaged in the business of researching, studying, manufacturing, fabricating,

8

designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos and/or products containing asbestos and/or products which created an asbestos hazard, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

26.     At all times herein mentioned, the Product Defendants, and each of them, negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed to recall or retrofit, failed to provide protective measures to prevent take home exposure, failed to warn of the dangers to those who come in contact with users, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos, and those products did, in fact, proximately cause personal injuries

9

to users, consumers, workers, persons working around or living with persons working with or around such products, and others including Decedent, while being used in a manner that was intended by or otherwise reasonably foreseeable to said defendants, thereby rendering said products unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto.

27.    At all times herein mentioned, the Product Defendants, and each of them, had a duty to exercise reasonable care while engaging in the activities mentioned above and said Defendants breached said duty of reasonable care in that Product Defendants, and each of them, failed to safely and adequately design, manufacture and/or sell said defendants' products; failed to test said products; failed to investigate the hazards of said products; failed to recall or retrofit; failed to provide protective measures to prevent take home exposure; failed to warn those persons who would be exposed, failed to warn of the dangers to those who come in contact with users, including Decedent, of the health hazards of using said defendants' products; failed to disclose the known or knowable dangers of using said defendants' products; failed to obtain suitable alternative materials to asbestos when such alternatives were available; and as otherwise stated herein.

28.    On or before 1932, and thereafter, the Product Defendants, and each of them, were aware and knew of the dangers associated with breathing asbestos containing dust, and said defendants also were aware and knew that users of asbestos and asbestos products, as well as members of the general public who would be exposed

to asbestos and asbestos containing products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos-containing products, as well as members of the general public who were exposed to asbestos and asbestos containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and propagated misinformation intended to instill in users of the Product Defendants' products a false security about the safety of said defendants' products.

29.    The Product Defendants, and each of them, knew and failed to disclose that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians such that physicians could not examine, diagnose and treat those who were exposed to asbestos, including Decedent.

30.    The Product Defendants, and each of them, despite said defendants' knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers, including Decedent, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of

11

users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including Decedent.

31.     Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos containing products, the Product Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in users a false sense of security about the safety of their products.

32.     In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, the Product Defendants, and each of them, did so with conscious disregard for the safety of the users of said products, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said

defendants, and which knowledge was obtained by said defendants on or before 1932, and thereafter.

33.    The above referenced conduct of Product Defendants, and each of them, was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products. In pursuit of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

34.    With said knowledge, Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

35.    Decedent was not aware that exposure to asbestos presented any risk of injury and/or disease to Decedent, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

36.    Product Defendants, and each of them, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

37.    Plaintiff is informed and believes, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the Product Defendants, and each of them, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including Decedent, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by Decedent.

38.    Plaintiff is informed and believes, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the Product Defendants, and each of them, in that said defendants failed to take reasonable care to warn the Decedent of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend,

supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

39.     The conduct of the Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries, his ultimate death, and damages sustained by Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

40.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent has suffered, injuries to his person, body and health and ultimate death, all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

41.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent was and will be compelled to and did employ medical services in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

42.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent has suffered loss of income and earnings, in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

15

43.    As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent did necessarily incur incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

44.    In particular, Decedent would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries and ultimate death As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent and of workers exposed to asbestos and asbestos products, such that, Decedent, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

### SECOND CAUSE OF ACTION
### BREACH OF EXPRESS AND IMPLIED WARRANTIES
### (Against All Product Defendants and DOES 1 through 400)

16

45.     Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

46.     Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or otherwise supplied the asbestos containing products, materials and equipment to Decedent and/or his employers.

47.     That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, Product Defendants, and each of them, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use. However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

48.     Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

49.     Decedent relied on the express and implied warranties of Product Defendants, and each of them, in the use of and exposure to said asbestos and asbestos products, and Decedent was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

50.     Product Defendants, and each of them, breached the above-described express and implied warranties in that said substance was defective, which defects

17

permitted and/or caused said substance to seriously and permanently cause injury to Decedent while using said substance in a manner that was reasonably foreseeable.

51.     The breaches of warranties by the Product Defendants, and each of them, as described in this cause of action were a substantial factor and a legal cause of the injuries, his ultimate death, and damages sustained by Decedent.

52.     As a direct and proximate result of the above-described breaches of warranties by said Product Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, his ultimate death, and Decedent suffered damages as alleged above.

53.     In particular, plaintiff will show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of

18

Decedent and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

**THIRD CAUSE OF ACTION**
**STRICT LIABILITY IN TORT**
**(Against All Product Defendants and DOES 1 through 400)**

54.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

55.    At all times mentioned herein, the Product Defendants, and each of them, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and that asbestos and/or products containing asbestos and/or products which created an asbestos hazard and/or safety equipment intended to block the entry of asbestos fibers were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of the Product Defendants, and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have

been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

56.     At all times mentioned herein, the Product Defendants, and each of them, were of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

57.     The Product Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including Decedent, who foreseeably would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

58.     The asbestos and asbestos-containing products, components and assemblies of the Product Defendants, and each of them, were substantially the same as when they left said defendants' possession.

59.     The aforementioned asbestos and asbestos-containing products of the Product Defendants, and each of them, were used by the Decedent and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that Decedent was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

60.     The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were

unknown and unforeseeable to Decedent, and Decedent had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

61.     The failure to warn by and the product defect in the asbestos and asbestos containing products of Product Defendants, and each of them, were substantial factors and a legal cause of Decedent's injuries and damages thereby sustained by the Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

62.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, his ultimate death, and Decedent suffered damages as alleged above.

63.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries and ultimate death. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

directors, and managing agents, inclusive, was and is vile, base, willful, malicious,

fraudulent, oppressive, outrageous, and said Product Defendants, and each of them,

inclusive, demonstrated such an entire want of care as to establish that their acts and

omissions were the result of actual conscious indifference to the rights, safety, and

welfare of Decedent and of workers exposed to asbestos and asbestos products, such

that, plaintiff, for the sake of example, and by way of punishing said defendants, seeks

punitive damages according to proof.

## FOURTH CAUSE OF ACTION
## PREMISES OWNER/CONTRACTOR LIABILITY
### (Against All Premises Defendants and DOES 1 through 400)

64.    Plaintiff re-alleges and incorporates each of the allegations above as if

fully set forth herein.

65.    Decedent entered, performed work and was otherwise on or about the

premises of DOES 1 through 400, and each of them, inclusive (hereafter "Premises

Defendants"), including performing that which was to defendants' benefit and

advantage and at defendants' request and invitation. In so doing, Decedent was exposed

to dangerous asbestos fibers.

66.    At all times herein mentioned, the Premises Defendants, and each of them,

were the owners, lessors, operators, managers, general contractors, subcontractors or

otherwise controlled and maintained certain premises or portions thereof, on which

asbestos and asbestos-containing products were fabricated, constructed, manufactured,

mixed, processed, milled, crushed, dumped, piled, disposed of, installed, maintained,

used, repaired, replaced or otherwise disturbed (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various contractors, so as to allow and cause and as a result, dangerous airborne asbestos fibers were present on and about said premises while and/or prior to the times Decedent was present creating a hazardous condition upon said premises.

67.     At all times herein mentioned, the Premises Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the contractors and/or subcontractors hired and/or retained were not competent, that the premises in their control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the persons working on or using said premises would not be aware of the aforesaid hazardous conditions on the premises to which they were exposed.

68.     At all times mentioned herein, the Premises Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or correct, or to warn Decedent of the existence of the aforesaid dangerous conditions and hazards on said premises.

69.     At all times herein mentioned, the Premises Defendants, and each of them, knew, negligently and carelessly used asbestos-containing products in construction and renovation, hired contractors or subcontractors, created and/or approved building, specifications, supervised or failed to supervise contractors and subcontractors, researched or failed to research, tested or failed to test, warned or failed to warn, failed

to recall or retrofit, labeled or failed to label, failed to provide protection for, failed to provide a safe work place, failed to provide adequate safety measures, devices and equipment, failed to provide adequate ventilation, failed to provide adequate signs, used asbestos-containing products in construction and renovation and failed to provide sufficient protection to Decedent from hazards of asbestos, the danger of which said defendants were aware.

70.     At all times herein mentioned, the asbestos-containing products, including but not limited to, asbestos-containing building materials and products to be used, handled and/or disturbed on the premises of Premises Defendants, and each of them, caused personal injuries to users, consumers, workers and others, including Decedent, while being used, removed and/or handled in a manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to consumers, users, bystanders or workers exposed thereto, including Decedent.

71.     At all times herein mentioned, the Premises Defendants, and each of them, knew and could foresee that asbestos and asbestos-containing products used, handled and/or disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and particulate released from the same, created an unreasonable risk of harm to persons entering upon or present near or about the premises of said defendants.

72.     At all times herein mentioned, the Premises Defendants, and each of them, knew and could reasonably foresee, or in the exercise of ordinary care should have known, that said premises would be entered by persons, including Decedent, without

knowledge of, or inspection for, defects or dangerous conditions and that said persons would not be aware of the aforesaid unreasonable risk of harm.

73.     At all times herein mentioned, the Premises Defendants, and each of them, knew and reasonably could foresee, or in the exercise of ordinary care should have known, that the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants generated from the same above-described use, handling and/or disturbance of the asbestos and asbestos-containing products, including asbestos-laden waste derived from the premises of said defendants, was dangerous and created an unreasonable risk of harm to persons entering upon or being present near or about the premises of said defendants.

74.     At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos-containing products and the asbestos fibers released and generated from the same above-described use, handling and/or disturbance thereof on and about the premises of said defendants.

75.     At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants.

76.     At all times herein mentioned, the Premises Defendants, and each of them, had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so. The unreasonably dangerous conditions at these facilities was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by a premises owner using reasonable care.

77.     At all times herein mentioned, Decedent was continuously exposed to asbestos and asbestos-containing dust while on or about the premises of the Premises Defendants without the provision of appropriate safeguards by said defendants who had the duty responsibility for such.

78.     Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above-described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, said Premises Defendants, and each of them, failed to disclose or warn persons foreseeably exposed to asbestos, including Decedent, of those asbestos hazards and dangers.

79.     Decedent was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises of the Premises Defendants, and each of them; and Decedent was also unaware of the unreasonable risk

of harm created by the aforesaid dangerous asbestos dust, debris, fiber and particulate in the ambient air on and about the premises of said defendants.

80.     At all times herein mentioned, the Premises Defendants, and each of them, retained control of the work and negligently failed to implement, and/or failed to have others implement, proper safety precautions, and/or the use of proper work practices to guard against those asbestos hazards on the premises of said defendants thereby creating an unreasonable risk of harm to persons entering or being on, about or around said asbestos contaminated premises.

81.     Despite said knowledge, defendants, including Premises Defendants, and each of them, misrepresented that their premises were safe and free of defects, and/or failed to disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants, thereby creating an unreasonable risk of harm to persons entering said premises and other exposed persons, including Decedent.

82.     In reliance upon the foregoing acts, omissions and representations, Decedent entered and was present upon and/or performed work on said premises of the Premises Defendants, and each of them, which was to defendants' benefit and advantage and at defendants' request and invitation; whereupon there was dangerous

27

asbestos dust, debris, fiber and particulate in the ambient air as a result of the same

above described use, handling and/or disturbance of asbestos and asbestos-containing

products on and about the premises of said defendants, including asbestos-laden waste

derived from the premises of said defendants. In so doing, Decedent was exposed to

dangerous asbestos fibers for which Premises Defendants are liable.

83.    At all times herein mentioned, despite the knowledge by the Premises

Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or

asbestos products on or from its premises, said defendants retained control of the work

and negligently failed to implement, and/or failed to have others implement, proper

safety precautions, and/or the use of proper work practices to guard against those

asbestos hazards from the same above-described use, handling and/or disturbance of

asbestos and/or asbestos products on or from said defendants' premises creating an

unreasonable risk of harm to persons entering or being on, about or around said

asbestos-contaminated premises.

84.    At all times herein mentioned, the Premises Defendants, and each of them,

were aware and knew of the dangers associated with breathing asbestos containing dust,

and that users of asbestos and asbestos products, as well as persons entering or being on,

about or around the premises who would be exposed to asbestos and asbestos-

containing products, had no knowledge or information indicating that asbestos could

cause injury, and said Premises Defendants knew that the users of asbestos and

asbestos-containing products, as well as persons entering or being on, about or around

the premises who were exposed to asbestos and asbestos-containing products, would

assume, and in fact did assume, that exposure to asbestos and asbestos-containing

products was safe, when in fact said exposure was extremely hazardous to human life;

and intended to instill a false security about the safety of the premises.

85.     The Premises Defendants, and each of them, knew and failed to disclose

that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time,

have a substantial risk of developing irreversible conditions of pneumoconiosis,

asbestosis, mesothelioma and/or cancer, and knew and failed to disclose that inhalation

of asbestos would cause pathological effects without noticeable trauma to the public,

including buyers, users, and physicians such that physicians could not examine,

diagnose and treat those who were exposed to asbestos, including Decedent.

86.     Despite said Premises Defendants knowledge of the substantial risks

associated with exposure to asbestos, willfully and knowingly concealed and actively

suppressed and promoted the suppression from all consumers and persons entering or

being on said premises, including Decedent, medical and scientific information

concerning the health hazards associated with inhalation of asbestos, including the

substantial risk of injury or death therefrom in conscious disregard of the rights, safety

and welfare of users, consumers, workers, persons working on around the premises or

living with persons entering or being on, about or around said asbestos-contaminated

premises.

87.     Rather than attempting to protect, or warn persons entering or being on, about or around the premises, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the Premises Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from persons entering or being on, about or around the premises that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in persons entering or being on, about or around the premises a false sense of security about the safety of the premises.

88.     In so doing, the Premises Defendants, and each of them, did so with conscious disregard for the safety of persons entering or being on, about or around the premises, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products being used on the premises, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1932, and thereafter.

89.     The above referenced conduct of said Premises Defendants, and each of them, was motivated solely by the financial interest of said defendants and in pursuance

of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

90.    With said knowledge, said Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products.

91.    Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and without attempting to protect persons entering or being on, about or around the premises of the high risk of injury or death resulting from exposure to asbestos the said defendants' premises, the Premises Defendants, and each of them, negligently provided unsafe equipment, products and materials, including, but not limited to, asbestos and asbestos containing products, to workers and others, including Decedent, which created a risk of harm to persons entering said premises and persons exposed to asbestos dust, debris, fiber and particulate from the asbestos and asbestos-containing products used, handled or disturbed as hereinabove described on the premises of Premises Defendants.

92.    The unreasonably dangerous conditions at the premises of the Premises Defendants was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by said defendants using reasonable care.

93.     As a consequence, exposed persons, including Decedent, entered and performed work in and on said premises which was to defendants' benefit and advantage and at defendants' request and invitation. In so doing and as a consequence thereof, Decedent was exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the premises of Premises Defendants.

94.     Decedent was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises and negligent provision of equipment, products and materials, including, but not limited to, asbestos and asbestos-containing products.

95.     The conduct of Premises Defendants, and each of them, were a substantial factor and a legal cause of Decedent's injuries and damages, and ultimate death, thereby sustained by Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

96.     Decedent's injuries, disease and ultimate death, were the result of intentional acts and/or omissions, gross negligence and malice in the use of asbestos at the premises of the Premises Defendants, and each of them, in that said defendants had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so.

97.     As a direct and proximate result of the aforesaid conduct of said Premises Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, including death, and Decedent suffered damages as alleged above.

98.     In particular, plaintiff will show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries, and his ultimate death. As the above referenced conduct complained of in this complaint of said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

**FIFTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**
**(Against All Defendants and DOES 1 through 400)**

99.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

100.    Plaintiff PHYLLIS MCFARLIN was at all relevant times the lawfully wedded spouse of Decedent.

101.    Decedent sustained injuries, and ultimately death, caused by inhalation of asbestos fibers as alleged herein above. Prior to the aforesaid injuries, Decedent was able to and did perform duties as a spouse.

102.    Subsequent to the injuries and death, and as a proximate result thereof, Decedent was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and therefore has sustained special damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

103.    Subsequent to the injuries and death, and as a proximate result thereof, plaintiff PHYLLIS MCFARLIN suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

104.    As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire want of care as to establish that their acts and

omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff PHYLLIS MCFARLIN, such that plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

## SIXTH CAUSE OF ACTION
## WRONGFUL DEATH
### (Against All Defendants and DOES 1 through 400)

105.     Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

106.    Defendants' negligence caused the death of Decedent.

107.    As a consequence of Decedent's death, his wife and child suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probably to be experienced for the rest of their lives.

108.    As a further consequence of Decedent's death caused by Defendants, Plaintiff incurred expense for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for and his other immediate family members.

109.    As a further consequence of Decedent's death caused by Defendants, Plaintiff has incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

**WHEREFORE**, Plaintiff prays judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1.     For general damages according to proof;

35

2.      For special damages according to proof;

3.      For medical and related expenses according to proof;

4.      For loss of income, earning capacity, earning potential according to proof;

5.      For exemplary or punitive damages according to proof;

6.      For costs of suit herein;

7.      For prejudgment interest on all damages as allowed by laws; and

8.      For such other and further relief as the Court deems just and proper.

DATED this 16th day of December, 2022.

CHAPMAN & CLARK,
ATTORNEYS AT LAW, PLLC

/s/ Jessica Clark
Jessica Clark
Jacqueline Kochis-Chapman
Attorneys for Plaintiff

36

# EXHIBIT 2



Select Language ▼

Powered by Google Translate

# Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-095496 | Judge: | Thompson, Peter |
| File Date: | 12/16/2022 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Phyllis McFarlin | Plaintiff | Female | Pro Per |
| A H Voss Company | Defendant | | Pro Per |
| Voss International Corporation | Defendant | | Pro Per |
| Kubota Corporation | Defendant | | Pro Per |
| Kubota Iron And Machinery Works | Defendant | | Pro Per |
| Kubota America | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 1/6/2023 | AFS - Affidavit Of Service | 1/12/2023 | |
| NOTE: VOSS INTERNATIONAL CORPORATION | | | |
| 1/6/2023 | AFS - Affidavit Of Service | 1/12/2023 | |
| NOTE: AH VOSS COMPANY | | | |
| 12/20/2022 | NJT - Not Demand For Jury Trials | 12/22/2022 | |
| NOTE: Demand for Jury Trial | | | |
| 12/16/2022 | COM - Complaint | 12/16/2022 | |
| NOTE: Complaint | | | |
| 12/16/2022 | CSH - Coversheet | 12/16/2022 | |
| NOTE: Civil Cover Sheet | | | |
| 12/16/2022 | CCN - Cert Arbitration - Not Subject | 12/16/2022 | |
| NOTE: Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 12/16/2022 | SUM - Summons | 12/16/2022 | |
| NOTE: Summons | | | |
| 12/16/2022 | SUM - Summons | 12/16/2022 | |
| NOTE: Summons | | | |
| 12/16/2022 | SUM - Summons | 12/16/2022 | |
| NOTE: Summons | | | |
| 12/16/2022 | SUM - Summons | 12/16/2022 | |
| NOTE: Summons | | | |
| 12/16/2022 | SUM - Summons | 12/16/2022 | |
| NOTE: Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281693

**Plaintiff's Attorneys:**

Jessica Clark - Primary Attorney
Bar Number: 035241, issuing State: AZ
Law Firm: Chapman and Clark, Attorneys at Law PLLC
Po Box 6021
Chandler, AZ 85246
Telephone Number: (480)382-4647
Email address: jessica@chapmanclarklaw.com

CV2022-095496

Jacqueline Kochis-Chapman
Bar Number: 024199, issuing State: AZ
Law Firm: Chapman and Clark, Attorneys at Law PLLC
Telephone Number: (480)382-4647

**Plaintiff:**

Phyllis McFarlin
Po Box 6021
Chandler, AZ 85246

**Defendants:**

A.H. VOSS COMPANY
64 Belcourt Drive North
Newport Beach, AZ 92660

VOSS INTERNATIONAL CORPORATION
64 Belcourt Drive North
Newport Beach, AZ 92660

Kubota Corporation
2715 Ramsey Road
Gainesville, GA 30501

Kubota Iron and Machinery Works
2715 Ramsey Road
Gainesville, GA 30501

Kubota America
2715 Ramsey Road

AZTurboCourt.gov Form Set #7496513

Gainesville, GA 30501

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

AZTurboCourt.gov Form Set #7496513

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281692

1 | Jessica Clark (Bar #35241)
2 | Jacqueline Kochis-Chapman (Bar #024199)
| CHAPMAN & CLARK,
3 | ATTORNEYS AT LAW, PLLC
| PO Box 6021
4 | Chandler, AZ 85246
| P: 480.382.4647
5 | F: 602.755.7044
6 | Jessica@chapmanclarklaw.com
| Jacque@chapmanclarklaw.com
7 | Attorneys for Plaintiff

8

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9 | IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **PHYLLIS MCFARLIN**, individually and on behalf of the Estate of RICHARD MCFARLIN; | No.   **CV2022-095496** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **A.H. VOSS COMPANY**, individually and as successor in interest to VOSS INTERNATIONAL CORPORATION; **VOSS INTERNATIONAL CORPORATION**, a foreign corporation; **KUBOTA CORPORATION,** individually and as successor in interest to KUBOTA IRON AND MACHINERY WORKS and KUBOTA AMERICA; **KUBOTA IRON AND MACHINERY WORKS**, a foreign corporation; **KUBOTA AMERICA**, a foreign corporation; and DOES 1 through 400, inclusive, | (Negligence; Breach of Express and Implied Warranties; Strict Liability; Premises Owner/Contractor Liability; Loss of Consortium; Wrongful Death) (Demand for Jury Trial) (Tier 3) |
| Defendants. | |

**COMES NOW,** Plaintiff PHYLLIS MCFARLIN, individually and on behalf of

the Estate of RICHARD MCFARLIN, ("Plaintiff") for causes of action against

1

defendants and DOES 1 through 400, and each of them, inclusive, files this Complaint and alleges as follows:

**THE PARTIES**

1.      Plaintiff PHYLLIS MCFARLIN is widowed, formerly married to RICHARD MCFARLIN, and resides in Washoe County, Reno, Nevada.

2.      Plaintiff PHYLLIS MCFARLIN brings this action on behalf of herself and the Estate of RICHARD MCFARLIN ("Decedent") who died on January 30, 2021, pursuant to A.R.S. §12-612.

3.      Defendant VOSS INTERNATIONAL CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

4.      Defendant A.H. VOSS COMPANY was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

5.      Defendant A.H. VOSS COMPANY is successor in interest to Defendant VOSS INTERNATIONAL CORPORATION.

6.      Defendant KUBOTA IRON AND MACHINERY WORKS was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

7.      Defendant KUBOTA AMERICA was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

8.      Defendant KUBOTA CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona

2

and/or should have expected its acts to have consequences within the State of Arizona.

9.     Defendant KUBOTA CORPORATION was and still is a duly organized foreign corporation doing business and/or transacting business in the State of Arizona and/or should have expected its acts to have consequences within the State of Arizona.

10.     Defendant KUBOTA CORPORATION is successor in interest to Defendant KUBOTA IRON AND MACHINERY WORKS and Defendant KUBOTA AMERICA.

11.     The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes, and thereon allege, that each defendant designated herein as a DOE caused injuries, ultimate death, and damages proximately thereby to plaintiff as hereinafter alleged; and that each DOE defendant is liable to the plaintiff for the acts and omissions alleged herein below, and the resulting injuries and death to plaintiff, and damages sustained by the Decedent. Plaintiff will amend this complaint to allege the true names and capacities of said DOE defendants when that same is ascertained.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this matter pursuant to A.R.S. §12-123.

13.     All of the events alleged herein took place within Maricopa County, Arizona, such that venue is proper pursuant to A.R.S. §12-401.

14.     Based on the damages sought in this action, it should be assigned to Tier 3 pursuant to Ariz. R. Civ. P. 26.2.

## GENERAL ALLEGATIONS

15.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, each of the defendants and each of the DOE defendants were the

3

agent, servant, employee and/or joint venturer of the other co-defendants and other DOE

defendants, and each of them, and at all said times, each defendant and each DOE

defendant was acting in the full course, scope and authority of said agency, service,

employment and/or joint venture.

16.     Plaintiff is informed and believes, and thereon allege, that all times

mentioned herein, defendants and DOES 1 through 400, and each of them, inclusive,

were also known as, formerly known as and/or were the successors and/or predecessors

in interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary

(wholly or partially owned by, or the whole or partial owner), affiliate, partner, co-

venturer, merged company, alter egos, agents, equitable trustees and/or fiduciaries of

and/or were members in an entity or entities engaged in the funding, researching,

studying, manufacturing, fabricating, designing, developing, labeling, assembling,

distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing,

repairing, installing, demolishing, contracting for installation, contracting others to

install, repairing, marketing, warranting, rebranding, manufacturing for others,

packaging and advertising a certain substance, the generic name of which is asbestos,

and/or other products, components and assemblies containing said substance (hereafter

"alternate entities"). Defendants and DOES 1 through 400, and each of them, inclusive,

are liable for the acts, omissions and tortious conduct of its successors and/or

predecessors in interest/business/product line/or a portion thereof, assigns, parent,

subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

4

trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and each of them, inclusive, enjoys the goodwill originally attached to each such alternate entity, acquired the assets or product line (or portion thereof), and that there has been a virtual destruction of plaintiff's remedy against each such alternate entity, and in that each such defendant has the ability to assume the risk spreading role of each such alternate entity.

17.     Defendants placed their names, logos, and trademarks on asbestos products as well as put out as their own asbestos products manufactured by others so as to be an apparent manufacturer and liable as the manufacturer.

18.     Although the Decedent may have been employed by defendant at the time of his exposure to the defendant's asbestos-containing products (and to other asbestos-containing products), or to asbestos by virtue of defendant's failure to protect from asbestos, each defendant lacked workers' compensation insurance coverage during the years that the Decedent was exposed, having failed to secure the payment of workers' compensation through mandated insurance or self-insurance coverage. In addition, the Decedent's exposure to the defendant's asbestos-containing products (and to other asbestos-containing products), or to asbestos by virtue of defendant's failure to protect from asbestos, did not arise out of the Decedent's employment, as the defendant lacked the right to control the manner or means of the Decedent's work duties. Finally, the Decedent was exposed to asbestos-containing products that the defendant manufactured

for sale to the general public, and which the Decedent only incidentally used during the course of his work duties.

19.     Plaintiff is informed and believes, and thereon allege, that at all times herein mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and are corporations organized and existing under the laws of the State of Arizona or the laws of some state or foreign jurisdiction; that each of the said defendants and DOE defendants were and are authorized to do and are doing business in the State of Arizona and regularly conducted business in the County of Maricopa; and that certain defendants and DOES designate or have maintained principle places of business in the County of Maricopa.

20.     Decedent was exposed to asbestos as a milling machine operator from approximately the 1970s, who at various locations, including within the State of Arizona, used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of, and/or products that created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and/or by virtue of the creation of asbestos dust and failure to protect from asbestos dust, and/or on or about the premises of and by, defendants and DOES 1 through 400, and each of them, inclusive; including: A.H. VOSS COMPANY, individually and as successor in interest to VOSS INTERNATIONAL CORPORATION (for asbestos cement pipe) and KUBOTA CORPORATION. Plaintiff further alleges; Defendants, and DOES 1 through 400, and

6

each of them inclusive, designed, manufactured, sold, supplied, distributed and

otherwise marketed asbestos containing products, equipment and systems with original

and replacement asbestos-containing products, components, and integral parts; that

defendants and DOES 1 through 400 inclusive specified and required the use of such

original and replacement asbestos containing parts and components that were integral to

their respective asbestos containing products' normal use and operation and that by

design such normal use and operation directly created, generated, released and exposed

Decedent to asbestos-containing dust, debris, fiber and particulate from such integral,

specified, necessary and required asbestos products and components; that as a direct and

proximate result of all of the above, Decedent was exposed by Defendants and DOES 1

through 400, inclusive to asbestos-containing dust, debris, fiber and particulate which

increased his risk of developing the mesothelioma and asbestos disease(s) from which

he now suffers

      21.    Plaintiff is informed and believes, and thereon allege, that asbestos related

diseases such mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural

plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers

without perceptible trauma and that said diseases result from exposure to asbestos and

asbestos products over a period of time.

      22.    As set forth herein this complaint, and as a result of Decedent's asbestos

exposure to the products of and/or on the premises of defendants and DOES 1 through

400, and each of them, inclusive, Decedent was diagnosed with mesothelioma on or

about January 10, 2020, which is life threatening, debilitating and likely terminal, and Decedent endured great physical pain and suffering, mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity and attendant medical expenses; all to the plaintiff's general and special damage in excess of the jurisdictional limits of the unlimited Court.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants and DOES 1 through 400)**

23.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

24.    Decedent was a worker and end user who used, handled or was otherwise exposed to asbestos, asbestos containing products and/or products designed to be used in association with asbestos products of, and/or products that created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and/or by virtue of the creation of asbestos dust and failure to protect from asbestos dust, and/or on or about the premises of and by, including, but not limited to: A.H. VOSS COMPANY, individually and as successor in interest to VOSS INTERNATIONAL CORPORATION (for asbestos cement pipe) and KUBOTA CORPORATION, and DOES 1 through 400, and each of them inclusive (hereafter "Product Defendants"), in a manner that was reasonably foreseeable to said defendants.

25.    At all times herein mentioned, the Product Defendants, and each of them, were engaged in the business of researching, studying, manufacturing, fabricating,

8

designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation, contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos and/or products containing asbestos and/or products which created an asbestos hazard, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

26.     At all times herein mentioned, the Product Defendants, and each of them, negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed to recall or retrofit, failed to provide protective measures to prevent take home exposure, failed to warn of the dangers to those who come in contact with users, manufactured and/or caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos, and those products did, in fact, proximately cause personal injuries

9

to users, consumers, workers, persons working around or living with persons working

with or around such products, and others including Decedent, while being used in a

manner that was intended by or otherwise reasonably foreseeable to said defendants,

thereby rendering said products unsafe and dangerous for use by the consumers, users,

bystanders or workers exposed thereto.

27.    At all times herein mentioned, the Product Defendants, and each of them,

had a duty to exercise reasonable care while engaging in the activities mentioned above

and said Defendants breached said duty of reasonable care in that Product Defendants,

and each of them, failed to safely and adequately design, manufacture and/or sell said

defendants' products; failed to test said products; failed to investigate the hazards of

said products; failed to recall or retrofit; failed to provide protective measures to prevent

take home exposure; failed to warn those persons who would be exposed, failed to warn

of the dangers to those who come in contact with users, including Decedent, of the

health hazards of using said defendants' products; failed to disclose the known or

knowable dangers of using said defendants' products; failed to obtain suitable

alternative materials to asbestos when such alternatives were available; and as otherwise

stated herein.

28.    On or before 1932, and thereafter, the Product Defendants, and each of

them, were aware and knew of the dangers associated with breathing asbestos

containing dust, and said defendants also were aware and knew that users of asbestos

and asbestos products, as well as members of the general public who would be exposed

to asbestos and asbestos containing products, had no knowledge or information indicating that asbestos could cause injury, and said defendants knew that the users of asbestos and asbestos-containing products, as well as members of the general public who were exposed to asbestos and asbestos containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and propagated misinformation intended to instill in users of the Product Defendants' products a false security about the safety of said defendants' products.

29.     The Product Defendants, and each of them, knew and failed to disclose that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and failed to disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians such that physicians could not examine, diagnose and treat those who were exposed to asbestos, including Decedent.

30.     The Product Defendants, and each of them, despite said defendants' knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers, including Decedent, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of

users, consumers, workers, persons working around or living with persons working with or around such asbestos and asbestos-containing products, and others including Decedent.

31.    Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos containing products, the Product Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in users a false sense of security about the safety of their products.

32.    In researching, testing, manufacturing, distributing, labeling, installing and marketing said products, the Product Defendants, and each of them, did so with conscious disregard for the safety of the users of said products, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said

defendants, and which knowledge was obtained by said defendants on or before 1932, and thereafter.

33.     The above referenced conduct of Product Defendants, and each of them, was motivated by the financial interest of said defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products. In pursuit of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

34.     With said knowledge, Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

35.     Decedent was not aware that exposure to asbestos presented any risk of injury and/or disease to Decedent, and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

36.     Product Defendants, and each of them, were aware that such dust created an increased risk of asbestos disease for all users, consumers, or others who breathed said asbestos-containing dust.

37.    Plaintiff is informed and believes, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the Product Defendants, and each of them, in that said defendants knew or should have known that the asbestos dust would be generated and released from their asbestos-containing products during the regular and intended uses of such asbestos products, and that said asbestos-containing products and the asbestos dust exposure there from created an increased risk of asbestos disease for all users, consumers, or others, including Decedent, who breathed said asbestos-containing dust which said defendants knew or should have known was harmful to the body and health of persons installing, handling, and using asbestos and asbestos-containing products, as well as to persons in the immediate vicinity of such installation, use and handling, and that such asbestos products and dust were capable of causing and did, in fact, cause personal injuries to users, consumers and others, while being used in a manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by Decedent.

38.    Plaintiff is informed and believes, and based thereon allege, that the injuries complained of herein were proximately caused by the negligence of the Product Defendants, and each of them, in that said defendants failed to take reasonable care to warn the Decedent of the danger and harm to which he was exposed while installing, handling and otherwise using said products, as well as while he was in the vicinity of the use, installation, and handling of said products, and failed to specify, recommend,

supply, install, sell, and use readily available substitutes which do not and did not pose the danger to human health.

39.     The conduct of the Product Defendants, and each of them, as described in this cause of action was a substantial factor and a legal cause of the injuries, his ultimate death, and damages sustained by Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

40.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent has suffered, injuries to his person, body and health and ultimate death, all to his general damage in a sum in excess of the jurisdictional limits of this unlimited Court.

41.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent was and will be compelled to and did employ medical services in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

42.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent has suffered loss of income and earnings, in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

15

43.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent did necessarily incur incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

44.     In particular, Decedent would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries and ultimate death As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent and of workers exposed to asbestos and asbestos products, such that, Decedent, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

**SECOND CAUSE OF ACTION**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**(Against All Product Defendants and DOES 1 through 400)**

16

45.     Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

46.     Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or otherwise supplied the asbestos containing products, materials and equipment to Decedent and/or his employers.

47.     That in connection with the manufacture, preparation, sale, specification, installation, use, and supply of asbestos products, Product Defendants, and each of them, expressly and impliedly warranted that said products were of good and merchantable quality and fit for their intended use. However, in truth and in fact, said products contained harmful and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful to humans exposed thereto.

48.     Said products were not and are not suitable for the purposes for which said products were intended, supplied, and relied upon, nor suitable for any other similar purpose, including their use by human beings in confined spaces where humans would be physically present, working, resting or breathing.

49.     Decedent relied on the express and implied warranties of Product Defendants, and each of them, in the use of and exposure to said asbestos and asbestos products, and Decedent was using and/or exposed to said asbestos in a reasonably foreseeable intended manner.

50.     Product Defendants, and each of them, breached the above-described express and implied warranties in that said substance was defective, which defects

17

permitted and/or caused said substance to seriously and permanently cause injury to Decedent while using said substance in a manner that was reasonably foreseeable.

51.    The breaches of warranties by the Product Defendants, and each of them, as described in this cause of action were a substantial factor and a legal cause of the injuries, his ultimate death, and damages sustained by Decedent.

52.    As a direct and proximate result of the above-described breaches of warranties by said Product Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, his ultimate death, and Decedent suffered damages as alleged above.

53.    In particular, plaintiff will show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of

18

Decedent and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

**THIRD CAUSE OF ACTION**
**STRICT LIABILITY IN TORT**
**(Against All Product Defendants and DOES 1 through 400)**

54.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

55.    At all times mentioned herein, the Product Defendants, and each of them, manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished, contracted for installation, contracted others to install, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or products containing asbestos and/or products which created an asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers, and that asbestos and/or products containing asbestos and/or products which created an asbestos hazard and/or safety equipment intended to block the entry of asbestos fibers were defective in that they were not as safe as an ordinary consumer of such products would expect; and that the gravity of the potential harm resulting from the use of the defective products of the Product Defendants, and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have

19

been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

56.     At all times mentioned herein, the Product Defendants, and each of them, were of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

57.     The Product Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including Decedent, who foreseeably would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

58.     The asbestos and asbestos-containing products, components and assemblies of the Product Defendants, and each of them, were substantially the same as when they left said defendants' possession.

59.     The aforementioned asbestos and asbestos-containing products of the Product Defendants, and each of them, were used by the Decedent and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that Decedent was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

60.     The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were

20

unknown and unforeseeable to Decedent, and Decedent had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

61.     The failure to warn by and the product defect in the asbestos and asbestos containing products of Product Defendants, and each of them, were substantial factors and a legal cause of Decedent's injuries and damages thereby sustained by the Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

62.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, his ultimate death, and Decedent suffered damages as alleged above.

63.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries and ultimate death. As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

**FOURTH CAUSE OF ACTION**
**PREMISES OWNER/CONTRACTOR LIABILITY**
**(Against All Premises Defendants and DOES 1 through 400)**

64.     Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

65.     Decedent entered, performed work and was otherwise on or about the premises of DOES 1 through 400, and each of them, inclusive (hereafter "Premises Defendants"), including performing that which was to defendants' benefit and advantage and at defendants' request and invitation. In so doing, Decedent was exposed to dangerous asbestos fibers.

66.     At all times herein mentioned, the Premises Defendants, and each of them, were the owners, lessors, operators, managers, general contractors, subcontractors or otherwise controlled and maintained certain premises or portions thereof, on which asbestos and asbestos-containing products were fabricated, constructed, manufactured, mixed, processed, milled, crushed, dumped, piled, disposed of, installed, maintained,

used, repaired, replaced or otherwise disturbed (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various contractors, so as to allow and cause and as a result, dangerous airborne asbestos fibers were present on and about said premises while and/or prior to the times Decedent was present creating a hazardous condition upon said premises.

67.     At all times herein mentioned, the Premises Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the contractors and/or subcontractors hired and/or retained were not competent, that the premises in their control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the persons working on or using said premises would not be aware of the aforesaid hazardous conditions on the premises to which they were exposed.

68.     At all times mentioned herein, the Premises Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or correct, or to warn Decedent of the existence of the aforesaid dangerous conditions and hazards on said premises.

69.     At all times herein mentioned, the Premises Defendants, and each of them, knew, negligently and carelessly used asbestos-containing products in construction and renovation, hired contractors or subcontractors, created and/or approved building, specifications, supervised or failed to supervise contractors and subcontractors, researched or failed to research, tested or failed to test, warned or failed to warn, failed

to recall or retrofit, labeled or failed to label, failed to provide protection for, failed to provide a safe work place, failed to provide adequate safety measures, devices and equipment, failed to provide adequate ventilation, failed to provide adequate signs, used asbestos-containing products in construction and renovation and failed to provide sufficient protection to Decedent from hazards of asbestos, the danger of which said defendants were aware.

70.     At all times herein mentioned, the asbestos-containing products, including but not limited to, asbestos-containing building materials and products to be used, handled and/or disturbed on the premises of Premises Defendants, and each of them, caused personal injuries to users, consumers, workers and others, including Decedent, while being used, removed and/or handled in a manner reasonably foreseeable, thereby rendering these premises unsafe and dangerous to consumers, users, bystanders or workers exposed thereto, including Decedent.

71.     At all times herein mentioned, the Premises Defendants, and each of them, knew and could foresee that asbestos and asbestos-containing products used, handled and/or disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and particulate released from the same, created an unreasonable risk of harm to persons entering upon or present near or about the premises of said defendants.

72.     At all times herein mentioned, the Premises Defendants, and each of them, knew and could reasonably foresee, or in the exercise of ordinary care should have known, that said premises would be entered by persons, including Decedent, without

24

knowledge of, or inspection for, defects or dangerous conditions and that said persons would not be aware of the aforesaid unreasonable risk of harm.

73.    At all times herein mentioned, the Premises Defendants, and each of them, knew and reasonably could foresee, or in the exercise of ordinary care should have known, that the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants generated from the same above-described use, handling and/or disturbance of the asbestos and asbestos-containing products, including asbestos-laden waste derived from the premises of said defendants, was dangerous and created an unreasonable risk of harm to persons entering upon or being present near or about the premises of said defendants.

74.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos-containing products and the asbestos fibers released and generated from the same above-described use, handling and/or disturbance thereof on and about the premises of said defendants.

75.    At all times herein mentioned, the Premises Defendants, and each of them, had a duty to disclose the presence of, and the dangers and hazards presented by and associated with the asbestos dust, debris, fiber and particulate released into the ambient air on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants.

76.     At all times herein mentioned, the Premises Defendants, and each of them, had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so. The unreasonably dangerous conditions at these facilities was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by a premises owner using reasonable care.

77.     At all times herein mentioned, Decedent was continuously exposed to asbestos and asbestos-containing dust while on or about the premises of the Premises Defendants without the provision of appropriate safeguards by said defendants who had the duty responsibility for such.

78.     Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above-described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, said Premises Defendants, and each of them, failed to disclose or warn persons foreseeably exposed to asbestos, including Decedent, of those asbestos hazards and dangers.

79.     Decedent was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises of the Premises Defendants, and each of them; and Decedent was also unaware of the unreasonable risk

of harm created by the aforesaid dangerous asbestos dust, debris, fiber and particulate in the ambient air on and about the premises of said defendants.

80.     At all times herein mentioned, the Premises Defendants, and each of them, retained control of the work and negligently failed to implement, and/or failed to have others implement, proper safety precautions, and/or the use of proper work practices to guard against those asbestos hazards on the premises of said defendants thereby creating an unreasonable risk of harm to persons entering or being on, about or around said asbestos contaminated premises.

81.     Despite said knowledge, defendants, including Premises Defendants, and each of them, misrepresented that their premises were safe and free of defects, and/or failed to disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the ambient air on or about the premises of said defendants generated from the same above described use, handling and/or disturbance of asbestos and asbestos-containing products on and about the premises of said defendants, including asbestos-laden waste derived from the premises of said defendants, thereby creating an unreasonable risk of harm to persons entering said premises and other exposed persons, including Decedent.

82.     In reliance upon the foregoing acts, omissions and representations, Decedent entered and was present upon and/or performed work on said premises of the Premises Defendants, and each of them, which was to defendants' benefit and advantage and at defendants' request and invitation; whereupon there was dangerous

27

asbestos dust, debris, fiber and particulate in the ambient air as a result of the same

above described use, handling and/or disturbance of asbestos and asbestos-containing

products on and about the premises of said defendants, including asbestos-laden waste

derived from the premises of said defendants. In so doing, Decedent was exposed to

dangerous asbestos fibers for which Premises Defendants are liable.

83.    At all times herein mentioned, despite the knowledge by the Premises

Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or

asbestos products on or from its premises, said defendants retained control of the work

and negligently failed to implement, and/or failed to have others implement, proper

safety precautions, and/or the use of proper work practices to guard against those

asbestos hazards from the same above-described use, handling and/or disturbance of

asbestos and/or asbestos products on or from said defendants' premises creating an

unreasonable risk of harm to persons entering or being on, about or around said

asbestos-contaminated premises.

84.    At all times herein mentioned, the Premises Defendants, and each of them,

were aware and knew of the dangers associated with breathing asbestos containing dust,

and that users of asbestos and asbestos products, as well as persons entering or being on,

about or around the premises who would be exposed to asbestos and asbestos-

containing products, had no knowledge or information indicating that asbestos could

cause injury, and said Premises Defendants knew that the users of asbestos and

asbestos-containing products, as well as persons entering or being on, about or around

the premises who were exposed to asbestos and asbestos-containing products, would assume, and in fact did assume, that exposure to asbestos and asbestos-containing products was safe, when in fact said exposure was extremely hazardous to human life; and intended to instill a false security about the safety of the premises.

85.     The Premises Defendants, and each of them, knew and failed to disclose that Decedent and anyone similarly situated, upon inhalation of asbestos would, in time, have a substantial risk of developing irreversible conditions of pneumoconiosis, asbestosis, mesothelioma and/or cancer, and knew and failed to disclose that inhalation of asbestos would cause pathological effects without noticeable trauma to the public, including buyers, users, and physicians such that physicians could not examine, diagnose and treat those who were exposed to asbestos, including Decedent.

86.     Despite said Premises Defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers and persons entering or being on said premises, including Decedent, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of users, consumers, workers, persons working on around the premises or living with persons entering or being on, about or around said asbestos-contaminated premises.

29

87.     Rather than attempting to protect, or warn persons entering or being on, about or around the premises, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the Premises Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from persons entering or being on, about or around the premises that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations. Said defendants propagated misinformation to instill a false sense of security and safety to instill in persons entering or being on, about or around the premises a false sense of security about the safety of the premises.

88.     In so doing, the Premises Defendants, and each of them, did so with conscious disregard for the safety of persons entering or being on, about or around the premises, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products being used on the premises, including but not limited to mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1932, and thereafter.

89.     The above referenced conduct of said Premises Defendants, and each of them, was motivated solely by the financial interest of said defendants and in pursuance

of said financial motivation, said defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously willing to permit asbestos and asbestos-containing products to cause injury to workers and users thereof, and persons exposed thereto, including Decedent.

90.     With said knowledge, said Product Defendants, and each of them, opted to manufacture, distribute and install said asbestos and asbestos-containing products.

91.     Despite the knowledge by the Premises Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and without attempting to protect persons entering or being on, about or around the premises of the high risk of injury or death resulting from exposure to asbestos the said defendants' premises, the Premises Defendants, and each of them, negligently provided unsafe equipment, products and materials, including, but not limited to, asbestos and asbestos containing products, to workers and others, including Decedent, which created a risk of harm to persons entering said premises and persons exposed to asbestos dust, debris, fiber and particulate from the asbestos and asbestos-containing products used, handled or disturbed as hereinabove described on the premises of Premises Defendants.

92.     The unreasonably dangerous conditions at the premises of the Premises Defendants was of such a nature and existed long enough so that it was, or reasonably should have been, discovered and corrected by said defendants using reasonable care.

93.    As a consequence, exposed persons, including Decedent, entered and performed work in and on said premises which was to defendants' benefit and advantage and at defendants' request and invitation. In so doing and as a consequence thereof, Decedent was exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the premises of Premises Defendants.

94.    Decedent was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises and negligent provision of equipment, products and materials, including, but not limited to, asbestos and asbestos-containing products.

95.    The conduct of Premises Defendants, and each of them, were a substantial factor and a legal cause of Decedent's injuries and damages, and ultimate death, thereby sustained by Decedent, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent, and that such intentional acts and omissions were substantial factors in causing his disease and injuries and ultimate death.

96.    Decedent's injuries, disease and ultimate death, were the result of intentional acts and/or omissions, gross negligence and malice in the use of asbestos at the premises of the Premises Defendants, and each of them, in that said defendants had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so.

32

97.     As a direct and proximate result of the aforesaid conduct of said Premises Defendants, and each of them, Decedent suffered severe and permanent injuries to his person, including death, and Decedent suffered damages as alleged above.

98.     In particular, plaintiff will show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries, and his ultimate death. As the above referenced conduct complained of in this complaint of said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of Decedent and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

**FIFTH CAUSE OF ACTION**
**LOSS OF CONSORTIUM**
**(Against All Defendants and DOES 1 through 400)**

99.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

100.    Plaintiff PHYLLIS MCFARLIN was at all relevant times the lawfully wedded spouse of Decedent.

101.    Decedent sustained injuries, and ultimately death, caused by inhalation of asbestos fibers as alleged herein above. Prior to the aforesaid injuries, Decedent was able to and did perform duties as a spouse.

102.    Subsequent to the injuries and death, and as a proximate result thereof, Decedent was unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and therefore has sustained special damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

103.    Subsequent to the injuries and death, and as a proximate result thereof, plaintiff PHYLLIS MCFARLIN suffered loss of consortium, including, but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

104.    As the above referenced conduct complained of in this complaint of defendants and DOES 1 through 400, and each of them, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and that said defendants, and each of them, demonstrated such an entire want of care as to establish that their acts and

34

omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff PHYLLIS MCFARLIN, such that plaintiff, for the sake of example, and by way of punishing said defendants, seeks punitive damages according to proof.

### SIXTH CAUSE OF ACTION
### WRONGFUL DEATH
### (Against All Defendants and DOES 1 through 400)

105.    Plaintiff re-alleges and incorporates each of the allegations above as if fully set forth herein.

106.    Defendants' negligence caused the death of Decedent.

107.    As a consequence of Decedent's death, his wife and child suffered pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probably to be experienced for the rest of their lives.

108.    As a further consequence of Decedent's death caused by Defendants, Plaintiff incurred expense for funeral and burial, medical care and services for the injury that resulted in death, lost wages, loss of earning capacity, and counseling for and his other immediate family members.

109.    As a further consequence of Decedent's death caused by Defendants, Plaintiff has incurred the loss of love, affection, companionship, care, protection, and guidance since the death and in the future.

**WHEREFORE**, Plaintiff prays judgment against defendants, and DOES 1 through 400, and each of them, inclusive, as follows:

1.    For general damages according to proof;

35

2.    For special damages according to proof;

3.    For medical and related expenses according to proof;

4.    For loss of income, earning capacity, earning potential according to proof;

5.    For exemplary or punitive damages according to proof;

6.    For costs of suit herein;

7.    For prejudgment interest on all damages as allowed by laws; and

8.    For such other and further relief as the Court deems just and proper.

DATED this 16th day of December, 2022.

CHAPMAN & CLARK,
ATTORNEYS AT LAW, PLLC

*/s/ Jessica Clark*
Jessica Clark
Jacqueline Kochis-Chapman
Attorneys for Plaintiff

36

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281694

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Phyllis McFarlin<br>Plaintiff(s),<br>v.<br>A.H. VOSS COMPANY, et al.<br>Defendant(s). | Case No. **CV2022-095496**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Jessica Clark /s/
    Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
12/20/2022 12:06:28 PM
Filing ID 15292073

1  Jessica Clark (Bar #35241)
   Jacqueline Kochis-Chapman (Bar #024199)
2  Chapman & Clark,
   Attorneys at Law, PLLC
3  PO Box 6021
4  Chandler, AZ 85246
   P: 480.382.4647
5  F: 602.755.7044
6  jessica@chapmanclarklaw.com
   Jacque@chapmanclarklaw.com
7  Attorneys for Plaintiff

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9               IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| 10  **PHYLLIS MCFARLIN**, individually and | No.  CV2022-095496 |
| 11  on behalf of the Estate of RICHARD MCFARLIN; | |
| 12                          Plaintiff, | **DEMAND FOR JURY TRIAL** |
| 13  v. | |
| 14  **A.H. VOSS COMPANY**, individually and | |
| 15  as successor in interest to VOSS INTERNATIONAL CORPORATION; | (Assigned to Hon. Peter Thompson) |
| 16  **VOSS INTERNATIONAL CORPORATION**, a foreign corporation; | |
| 17  **KUBOTA CORPORATION,** individually and as successor in interest to KUBOTA | |
| 18  IRON AND MACHINERY WORKS and | |
| 19  KUBOTA AMERICA; **KUBOTA IRON AND MACHINERY WORKS**, a foreign | |
| 20  corporation; **KUBOTA AMERICA**, a | |
| 21  foreign corporation; and DOES 1 through 400, inclusive, | |
| 22 | |
| 23                        Defendants. | |

24        Plaintiff, through counsel undersigned, respectfully requests a trial by jury on all

25  issues in this matter triable to a jury.

26

                                        1

1     DATED this 20th day of December, 2022.

2                                                CHAPMAN & CLARK,
                                                 ATTORNEYS AT LAW, PLLC
3

4
                                                 */s/ Jessica Clark*
5                                                Jessica Clark
                                                 Jacqueline Kochis-Chapman
6                                                Attorneys for Plaintiff

7
ORIGINAL efiled with the Clerk of the
8    Court this 20th day of December 2022, with
copy to Hon. Peter Thompson through the
9    Turbo Court system.

10
     */s/ Carla Lief*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                   2

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281696

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Phyllis McFarlin
Plaintiff(s),
v.

A.H. VOSS COMPANY, et al.
Defendant(s).

Case No.  **CV2022-095496**

**SUMMONS**

To: VOSS INTERNATIONAL CORPORATION

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 16, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *BRITT SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #7496513

2

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281695

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Phyllis McFarlin
Plaintiff(s),
v.

Case No.  **CV2022-095496**

A.H. VOSS COMPANY, et al.
Defendant(s).

**SUMMONS**

To: A.H. VOSS COMPANY

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 16, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *BRITT SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #7496513

2

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281698

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Phyllis McFarlin
Plaintiff(s),
v.                                              Case No.  **CV2022-095496**
A.H. VOSS COMPANY, et al.
Defendant(s).                                   **SUMMONS**

To: Kubota Iron and Machinery Works

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been **filed** against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 16, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *BRITT SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281699

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Phyllis McFarlin
Plaintiff(s),
v.
A.H. VOSS COMPANY, et al.
Defendant(s).

Case No.  **CV2022-095496**

**SUMMONS**

To: Kubota America

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 16, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *BRITT SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7496513

2

Clerk of the Superior Court
*** Electronically Filed ***
B. Silvernail, Deputy
12/16/2022 3:51:56 PM
Filing ID 15281697

Person/Attorney Filing: Jessica Clark
Mailing Address: Po Box 6021
City, State, Zip Code: Chandler, AZ 85246
Phone Number: (480)382-4647
E-Mail Address: jessica@chapmanclarklaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 035241, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Phyllis McFarlin
Plaintiff(s),
v.                                                    Case No.  **CV2022-095496**
A.H. VOSS COMPANY, et al.                             **SUMMONS**
Defendant(s).

To: Kubota Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #7495513

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 16, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *BRITT SILVERNAIL*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Jessica Clark
Chapman & Clark, Attorneys At Law Pllc
4808 N. 22nd St.
Phoenix, AZ 85016
(480) 382-4647
Bar No. 035241





CLERK OF THE
SUPERIOR COURT
FILED
K. REILLY, DEP

23 JAN -6 AM 11: 25

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**PHYLLIS MCFARLIN,**

Plaintiff,

vs.

**A.H. VOSS COMPANY, et al.**

Defendant.

Case Number: CV2022-095496

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **A.H. VOSS COMPANY, 120 Via Undine, Newport,
CA 92663**. I, BTUSTISON , do hereby affirm that on the 3ʳᵈ day of January,
2023 at 6 :40 p.m., executed service by delivering a true copy of the **Summons; Complaint; Certificate
of Compulsory Arbitration; Demand for Jury Trial**; in accordance with state statutes in the manner
marked below:

( ) PUBLIC AGENCY:
By serving _____ as,_____ of the within-named agency,
at the address of: _____

( ) SUBSTITUTE SERVICE:
 By serving _____ as _____ at the address of:
_____

(✓) CORPORATE SERVICE:
By serving Stephanie Voss as Registered Agent , at the address of:
120 Via Undine, New Port Beach CA 92663 .

( ) OTHER SERVICE:
As described in the Comments below by serving _____ as
_____, at the address of:
_____

( )NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:**_____
_____
_____
_____

Age 68 Sex M (F) Race Caucasian Height 5'4 Weight 110 Hair blonde Glasses
Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the
jurisdiction in which this service was made.

PROCESS SERVER # OC1501
Appointed in accordance with State Statutes

**Rush Hour Legal Service**
P.O. Box 30997
**Mesa, AZ 85275**
(480) 797-9483

Our Job Serial Number: 2022003707



Jessica Clark
Chapman & Clark, Attorneys At Law Pllc
4808 N. 22nd St.
Phoenix, AZ 85016
(480) 382-4647
Bar No. 035241



'CLERK OF THE
SUPERIOR COURT
FILED
K. REILLY, DEP

23 JAN -6  AM 11: 25

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

PHYLLIS MCFARLIN,

                Plaintiff,

vs.

A.H. VOSS COMPANY, et al.

                Defendant.

Case Number: CV2022-095496

**DECLARATION OF SERVICE BY A
PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **VOSS INTERNATIONAL CORPORATION, 120 Via
Undine, Newport, CA 92663.** I, _B IISTISON_____, do hereby affirm that on the _3'd_
day of _January_, 20_23_ at _6_ : _40P_.m., executed service by delivering a true copy of the **Summons;
Complaint; Certificate of Compulsory Arbitration; Demand for Jury Trial;** in accordance with state
statutes in the manner marked below:

( ) PUBLIC AGENCY:
By serving _____ as,_____ of the within-named agency,
at the address of: _____.

( ) SUBSTITUTE SERVICE:
 By serving _____ as _____ at the address of:
_____.

(✗) CORPORATE SERVICE:
By serving _Stephanie Voss_____ as _Registered Agent_, at the address of:
_120 Via Undine New Port Beach, CA 92663_

( ) OTHER SERVICE:
As described in the Comments below by serving _____ as
_____, at the address of:
_____.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____

Age _68_ Sex M (F) Race _Caucasian_ Height _5'4_ Weight _110_ Hair _blonde_ Glasses
Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the
jurisdiction in which this service was made.

PROCESS SERVER # _QC 1501_____
Appointed in accordance with State Statutes

**Rush Hour Legal Service
P.O. Box 30997
Mesa, AZ 85275
(480) 797-9483**

Our Job Serial Number: 2022003708



# EXHIBIT 3

1   Brian Del Gatto, Esq.
    Arizona Bar No. 33591
2   Arman Nafisi, Esq.
    Arizona Bar No. 30682
3   **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
4   2720 E Camelback Road, Suite 200
    Phoenix, AZ 85016-4308
5   Telephone:    (480) 562-3660
    Facsimile:    (480) 562-3659
6   Brian.DelGatto@wilsonelser.com
    Arman.Nafisi@wilsonelser.com
7   *Attorneys for Defendants*
    *A.H. VOSS COMPANY and*
8   *VOSS INTERNATIONAL CORPORATION*

9              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10                **IN AND FOR THE COUNTY OF MARICOPA**

11  PHYLLIS MCFARLIN, individually and on    Case No. CV2022-095496
    behalf of the Estate of RICHARD
12  MCFARLIN,                                 **NOTICE OF REMOVAL**

13                   Plaintiff,

14  v.

15  A.H. VOSS COMPANY, individually and
    as successor in interest to VOSS
16  INTERNATIONAL CORPORATION;
    VOSS INTERNATIONAL
17  CORPORATION, a foreign corporation;
    KUBOTA CORPORATION, individually
18  and as successor in interest to KUBOTA
    IRON AND MACHINERY WORKS and
19  KUBOTA AMERICA; KUBOTA IRON
    AND MACHINERY WORKS, a foreign
20  corporation; KUBOTA AMERICA, a
    foreign corporation; and DOES 1 through
21  400, inclusive,

22                   Defendants.

23

24  To:    Jessica Clark, Esq.
           Jacqueline Kochis-Chapman, Esq.
25         CHAPMAN & CLARK,
           ATTORNEYS AT LAW, PLLC
26         PO Box 6021
           Chandler, AZ 85246
27         P: 480.382.4647
           F: 602.755.7044
28         Jessicachapmanclarklaw.com

                                              1
NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b)
279252483v.1

1

Jacque@chapmanclarklaw.com
*Attorneys for Plaintiff*

2

3

Please take notice that Defendants A.H. VOSS COMPANY and VOSS INTERNATIONAL

4

CORPORATION caused the above-referenced matter to be removed to the United States District

5

Court for the District of Arizona. A copy of the Notice of Removal filed in the United States

6

District Court is attached as **Exhibit 1** and hereby served upon you.

7

8

Dated:  February 1, 2023          WILSON, ELSER, MOSKOWITZ,

9

EDELMAN & DICKER LLP

10

11

By:    */s/Arman Nafisi*

12

BRIAN DEL GATTO, ESQ.
ARMAN NAFISI, ESQ.

13

Attorneys for Defendants
A.H. VOSS COMPANY and

14

VOSS INTERNATIONAL CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b)
279252483v.1

1   **ORIGINAL** of the foregoing e-filed this
2   30th day of January, 2023 with:

3   Maricopa County Superior Court

4   Jessica Clark, Esq.
    Jacqueline Kochis-Chapman, Esq.
5   CHAPMAN & CLARK,
    ATTORNEYS AT LAW, PLLC
6   PO Box 6021
    Chandler, AZ 85246
7   P: 480.382.4647
    F: 602.755.7044
8   Jessicachapmanclarklaw.com
    Jacque@chapmanclarklaw.com
9   *Attorneys for Plaintiff*
10

11

12
    By:   */s/Ashlynn Robbins*_____
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b)
279252483v.1